UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
:
FOUAD DAKKA, et al.,                :
                                    :   Honorable Madeline Cox Arleo
           Plaintiffs,              :   Civil Action No. 09-4564 (WHW)
                                    :
V.                                  :   **REPORT AND RECOMMENDATION**
                                    :
CITY OF HACKENSACK, et al.,         :
                                    :
           Defendants.              :
_____:

## BACKGROUND

On April 3, 2009, Plaintiff Fouad Dakka filed a Complaint in the Superior Court of New Jersey, Bergen County, Law Division against Defendants City of Hackensack ("City"), Hackensack Police Department ("Police Department"), the State of New Jersey ("State"), Detective Tina M. Clouse ("Clouse") and Police Office Borntrager ("Borntrager") (sometimes collectively "the Defendants"). Plaintiff Dakka brought this action against the Defendants, which arises from a physical altercation on April 7, 2007 between Fouad Dakka; his minor daughter, Noura Dakka; Detective Clouse; Officer Borntager; and other unidentified officers at the Police Department. An Amended Complaint was therefore filed, addition plaintiff's wife Houda Dakka and their three minor children.[1]

On September 3, 2009, Clouse removed the action based on federal question jurisdiction. On September 14, 2009, Judge Cecchi entered an Order scheduling an initial conference for November 30, 2009. The September 14th Order directed the parties to exchange initial disclosures pursuant to Fed. R. Civ. P. 26. Additionally, the Order emphasized that failure to comply with the terms therein

---

[1] Apparently, the wife and minor children left the United States and reside in Lebanon.

may result in the imposition of sanctions.

On October 1, 2009, the City and the Police Department filed a joint Answer to the Amended Complaint.  On October 16, 2009, Borntrager filed his Answer, as well as asserted cross-claims against the City.  On November 16, 2009, the State moved to dismiss the Amended Complaint, which Judge Walls granted on April 13, 2010.

On November 30, 2009, counsel for all parties participated in the initial conference. On December 3, 2009, Judge Cecchi entered a Pre-trial Scheduling Order ("Scheduling Order"), which set forth, among other things, deadlines for completing discovery.  The Scheduling Order required the parties to serve interrogatories by December 11, 2009 and respond within thirty (30) days of receipt. Depositions of all fact witnesses and individuals were to be completed by May 15, 2010. The Scheduling Order also set a telephone status/settlement conference for March 18, 2010 and emphasized failure to comply with the Order would result in sanctions pursuant to Fed. R. Civ. P. 16(f) and 37.

On December 7, 2009, plaintiffs' counsel wrote the Court, requesting that the Lebanon plaintiffs be permitted to appear for their depositions by video-conference.  Defendants Clouse, Borntrager, and the State opposed plaintiffs' request.

On March 18, 2010, counsel for all parties participated in a telephone status conference with the Court.  Following the conference, on March 19, 2010, Judge Cecchi entered an Order extending the deadline for fact discovery to June 15, 2010; denying plaintiffs' request that the Lebanon plaintiffs be deposed by video-conference; and ordering that plaintiffs should be deposed in New Jersey by June 15, 2010.  Judge Cecchi further extended the deadline for filing motions to amend

any pleadings until May 15, 2010.² A telephone status and settlement conference was scheduled for July 13, 2010.

On May 24, 2010, Clouse's counsel advised the Court in writing that plaintiffs' counsel had not amended the complaint to voluntarily dismiss the Lebanon plaintiffs by the Court's May 15, 2010 deadline. Defense counsel's letter sparked a flurry of letters from opposing counsel to the court, wherein plaintiffs' counsel blamed his delay in amending the complaint on Clouse's late production of discovery responses. On June 11, 2010, Judge Cecchi issued an Order directing the parties to meet and confer to resolve this dispute. The June 11th Order further directed that any remaining issues would be addressed at the July 13, 2010 conference. The Court adjourned the conference to July 20, 2010.

Following the status conference, Judge Cecchi issued a Scheduling Order, dated July 23, 2010, granting plaintiffs an extension until July 30, 2010 to file and serve an amended complaint; directing the parties to exchange written discovery requests by August 15, 2010; and extending the discovery deadline until November 8, 2010. A telephone status conference was scheduled for November 3, 2010, which was later adjourned until December 3, 2010.

Plaintiffs did not amend their complaint by the court imposed deadline of July 30, 2010. On August 13, 2010, Clouse filed a motion to dismiss Plaintiff's Amended Complaint with prejudice as to Lebanon plaintiffs based on their failure to prosecute their claims. According to Clouse, these plaintiffs have not been produced for their depositions in New Jersey as directed by the Court, and

---

² According to Clouse's counsel, during the March 18, 2010 conference, plaintiffs' counsel indicated that, given the Court's refusal to allow the Lebanon plaintiffs to be deposed by video-conferencing, he intended to file an Amended Complaint dismissing the Lebanon plaintiffs as named parties in the case.

plaintiff's counsel has indicated his difficulty with contacting his clients in Lebanon. On August 24, 2010, Borntrager joined the motion to dismiss.

In response, on October 14, 2010, Judge Walls ordered Defendants to provide the Court with a status of production of discovery responses owed to plaintiffs. Borntrager, the City, and the Police Department each provided a written status to the Court. On November 3, 2010, plaintiffs' counsel informed the Court he had received the outstanding discovery responses, and thus would soon be in a position to amend the complaint, and engage in discovery. Plaintiffs' counsel also advised that he anticipated speaking with Fouad Dakka to determine whether his family members, as co-plaintiffs, intended to participate in this case by coming to the United States for deposition and trial. On November 19, 2010, Judge Walls wrote to the parties, advising plaintiffs to amend their complaint by December 19, 2010 or the claims of the Lebanon plaintiffs would be dismissed.

On December 3, 2010, counsel for all parties participated in a telephone status conference with the Court. Following the conference call, Judge Cecchi entered an Order, again extending the fact discovery deadline until March 15, 2011; providing deadlines for expert discovery; and scheduling another telephone status conference for April 21, 2011. The Court later adjourned the conference to July 18, 2011.

On December 19, 2010, plaintiffs filed a Second Amended Complaint, adding Lieutenant Donald J. Lee ("Lee") and Captain David B. Walsh ("Walsh") as defendants.[3] The Second Amended Complaint did not, however, dismiss the Lebanon plaintiffs from the suit.

On December 20, 2010, Clouse's attorney wrote to the court renewing his request that these

---

[3] All remaining defendants filed answers to the Second Amended Complaint and asserted cross-claims.

plaintiffs claims be dismissed for failure to participate in the litigation or be produced for deposition. On December 21, 2010, Judge Walls entered an Order directing plaintiffs' counsel to file a letter by December 24, 2010 confirming the Lebanon plaintiffs would appear for depositions, and thereafter inform the Court by January 4, 2011 of the date and time those depositions would take place. Judge Walls admonished that if the Lebanon plaintiffs did not appear for their depositions, the Court would allow Defendants to renew their motions to dismiss.

On January 5, 2011, by letter, counsel for Clouse informed the Court that plaintiffs' counsel had not complied with the December 21, 2010 order, directing him to confirm the Lebanon plaintiffs' willingness to appear for their depositions. As such, defense counsel requested that he be permitted to renew the motion to dismiss for failure to prosecute. Both the City and Borntrager joined in this request.

On January 18, 2011, Judge Walls entered an Order, highlighting, among other issues, that plaintiffs' counsel failed to meet the Court's deadlines and had not filed any submissions to date. The Court also noted that it had attempted unsuccessfully to contact plaintiffs' counsel. As such, the Court again instructed plaintiffs' counsel to file a letter, by January 20, 2011, confirming that the Lebanon plaintiffs would be participating in the litigation and appear for depositions. Counsel was directed to provide the Court with the dates and times of their depositions no later than February 1, 2011. Judge Walls adjourned the motions to dismiss without date, pending plaintiffs' compliance with the Order.

On January 20, 2011, plaintiffs' counsel wrote to the Court, confirming that the Lebanon plaintiffs would be participating in the litigation, and appear for their depositions in New Jersey. Plaintiffs' counsel proffered possible dates for the depositions. He, however, noted that a problem

5

arose regarding the renewal of the passport of plaintiff Noura Dakka. In response, attorneys for Clouse and Borntrager submitted written objections to scheduling defendants' depositions before plaintiffs' depositions and further requested that the motions to dismiss be reinstated based on the delinquency of both plaintiffs' counsel and his clients in failing to prosecuting their claims. On January 25, 2011, Judge Walls entered an Order denying defendants' request to reinstate their motions to dismiss and ordering the parties to work together to find a mutually agreeable date for the depositions of all parties.

Discovery, however, was delayed because on April 19, 2011, Clouse filed a motion to disqualify Douglas Anton, plaintiffs' counsel, in which the other defendants joined. On June 2, 2011, Judge Walls denied the motion on the record at a hearing.

On June 24, 2011, the matter was reassigned to the undersigned. On July 5, 2011, this Court entered an Order requesting all parties provide status letters to the Court, and scheduling an in-person status conference for August 31, 2011.

Following the status conference, on September 1, 2011, the Court entered a Scheduling Order, extending fact discovery until November 1, 2011 and submission of expert reports until December 1, 2011 and January 15, 2012, respectively. A telephone status conference was scheduled for November 9, 2011. On November 10, 2011, the Court entered another Scheduling Order, further extending fact and expert discovery. The Court also scheduled oral argument on plaintiffs' anticipated motion to withdraw for January 20, 2012 and set forth a briefing schedule.

On December 6, 2011, attorney Anton filed a motion to withdraw as counsel for the Lebanon plaintiffs, indicating that communications had broken down between him and these clients; they were refusing to come to the United States for their depositions or for trial; and had refused to otherwise

6

cooperate with counsel in litigating their claims. These plaintiffs responded to the motion by email, wherein they stated that they were unable to appear in the United States, and specifically be subject to this Court's jurisdiction. As such, on January 3, 2012, Judge Walls granted Mr. Anton's motion, which was memorialized in an Order filed on January 17, 2012. Judge Walls directed the Lebanon plaintiffs to secure new counsel within thirty (30) days of January 23, 2012 or inform the Court they intended to proceed *pro se*. The Lebanon plaintiffs did not secure counsel or state their intentions to proceed *pro se* by the Court imposed deadline.

On February 29, 2012, this Court issued an Order, scheduling an in-person status conference for April 2, 2012 and directing Mr. Anton to provide his former clients with copies of the Court Order and e-file their addresses in a letter to the Court. The Order advised that failure to appear at the status conference would result in sanctions.

On April 2, 2012, neither counsel nor the Lebanon plaintiffs appeared at the scheduled conference. On April 3, 2012, this Court entered an Order To Show Cause why monetary and/or reprimand sanctions, up to and including dismissal of the Complaint, should not be imposed pursuant to Fed.R.Civ.P.16(f) for their failure to attend the Court ordered status conference on April 2, 2012. The Order to Show Cause directed the Lebanon plaintiffs to file any written submissions with the Court by May 16, 2012 and be prepared to participate in a settlement conference at the May 23rd hearing. Out of an abundance of caution, this Court sent copies of the Order To Show Cause by regular and certified mail/return receipt requested to the Lebanon plaintiffs. Copies of the Orders, however, were returned to the Court as undeliverable.

Before the May 23, 2012 hearing, the Lebanon plaintiffs filed no written submissions. No party or counsel appeared on behalf of the Lebanon plaintiffs at the May 23, 2012 Order to Show

Cause hearing.[4]

## DISCUSSION

The Lebanon plaintiffs' failure to prosecute this action, comply with their discovery obligations, and attend Court ordered scheduling conferences requires this Court to determine the appropriate sanctions to impose. In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiffs' action. Poulis, 747 F.2d at 868. The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868. The Court is required to balance each factor in its analysis. Id. Each factor will be discussed in turn.

    1.    The Extent of the Party's Personal Responsibility

Aside from filing an amended complaint, and providing answers to interrogatories, the Lebanon plaintiffs have demonstrated an unwillingness to prosecute this action. Along with refusing to come to the United States to participate in their Court-ordered depositions and for a trial, the Lebanon plaintiffs have failed to respond to efforts of Mr. Anton to contact them. Furthermore, the Lebanon plaintiffs have failed to comply with the Court's Orders of December 3, 2009; March 19, 2010; July 23, 2010; December 21, 2010; January 18, 2011; January 3, 2012; February 29, 2012; and April 3, 2012, which included, among other things, deadlines for filing an amended complaint;

---

[4] In September 2012, defendants filed their motions for summary judgment.

producing the Lebanon plaintiffs for depositions; and for appearing at court-ordered conferences and hearings. Indeed, in response to attorney Anton's motion to be relieved as counsel, the Lebanon plaintiffs noted by email that they were unable to appear in the United States.

Following the Court's Order relieving Mr. Anton as counsel for the Lebanon plaintiffs, the Court afforded these plaintiffs more than thirty (30) days to retain new counsel. Additionally, on February 29, 2012, the Court warned the Lebanon plaintiffs that failure to appear at the April 2, 2012 status conference would result in sanctions. Yet, on April 2, 2012, neither new counsel nor the Lebanon plaintiffs appeared at the scheduled conference. On April 3, 2012, this Court entered and mailed to the Lebanon plaintiffs an Order To Show Cause why monetary and/or reprimand sanctions, up to and including dismissal of the Complaint, should not be imposed pursuant to Fed.R.Civ.P.16(f) for their failure to attend the Court ordered status conference on April 2, 2012. The Order to Show Cause, however, was returned to the Court as undeliverable as these plaintiffs, in violation of L. Civ. R. 10.1(a), failed to advise the Court of any change in their address. Despite the Court's repeated warnings, no one has appeared or contacted the court on behalf of the Lebanon plaintiffs.

This Court finds that the Lebanon plaintiff are personally responsible for their failures to comply with the orders of this Court. Additionally, their failures to appear for court conferences, be deposed, or otherwise communicate with the Court and their own counsel, demonstrate their personal lack of responsibility in prosecuting their claims. Accordingly, such conduct weighs in favor of dismissal of the amended complaint.

2. <u>Prejudice to the Adversary</u>

The Lebanon plaintiffs' repeated failures to comply with their discovery obligations or communicate with their former counsel or this Court make it impossible to determine their interest

9

in pursuing this action; for discovery to proceed; for dispositive motions to be filed; and for this matter to be adjudicated on the merits. The inability to proceed requires this Court to find that defendants have been prejudiced by the Lebanon plaintiffs' failure to prosecute this action or to comply with their discovery obligations.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). There, plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion. The court explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." Id. Prejudice also includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)(citations omitted).

Here, the prejudice is palpable. Based on the Lebanon plaintiffs' decision to disregard court orders and to thwart the discovery process, defendants are incapable of defending against the Lebanon plaintiffs' claims. Despite numerous Orders from the Court, the Lebanon plaintiffs have not produced themselves for deposition; communicated with their former attorney; or attended court ordered conferences. I am satisfied that defendants have been prejudiced by the Lebanon plaintiffs' failure to prosecute this case and comply with the Court's orders. The Lebanon plaintiffs' inaction in this matter weighs in favor of dismissal.

3. <u>A History of Dilatoriness</u>

The Lebanon plaintiffs' actions indicate a history of non-compliance. As noted above, these

plaintiffs have repeatedly failed to comply with discovery obligations and court orders. Their former counsel made attempts to contact them in an effort to have them produced for their depositions in the United States and allow the parties to complete discovery. Furthermore, the Lebanon plaintiffs themselves, by email, informed the Court of their refusal to come to the United States for deposition or trial. As such, they have demonstrated an unwillingness to pursue their claims against the Defendants. Indeed, following the withdrawal of their former attorney from this case, the Lebanon plaintiffs failed to attend the April 2, 2012 conference or the May 23, 2012 Order to Show Cause hearing.

Poulis makes clear that "[time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation. If compliance is not feasible, a timely request for an extension should be made to the court. A history...of ignoring these time limits is intolerable." 747 F.2d at 868. The Lebanon plaintiffs have ignored Court Orders and discovery related deadlines, and have failed to appear at the conference on April 2, 2012 (resulting in an Order To Show Cause) and the hearing on May 23, 2012. Despite several Court orders and extensions of the discovery deadline, discovery remains outstanding. Therefore, this factor weighs in favor of dismissal.

    4.    <u>Whether the Attorney's Conduct was Wilful or in Bad Faith</u>

The fourth Poulis factor, focusing on attorney conduct, is not applicable here because the Lebanon plaintiffs have failed to retain new counsel following the withdrawal of their attorney in January 2012. Yet, the Lebanon plaintiff have not provided this Court with any justification for their non-compliance throughout this case. Indeed, they did nothing to comply with their discovery obligation to appear for depositions before their counsel withdrew from the case. In response to their former counsel's motion to withdraw, they indicated their refusal to come to the United States for

11

depositions. Following their attorney's withdrawal in January 2012, the Lebanon plaintiffs made no attempt to contact this Court or otherwise participate in pursuing their claims. The absence of a reasonable excuse suggests willful conduct or bad faith. See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[No excuse has been proffered for the excessive procrastination of Plaintiff's counsel"). Based on the Lebanon plaintiffs' noncompliance, this Court finds that they have made a willful decision not to litigate this action, as demonstrated by their pattern of refusing to engage in discovery and their failure to comply with Court orders.

     5.     Alternative Sanctions

Fifth, alternative sanctions would not be appropriate. The Lebanon plaintiffs have demonstrated an apparent lack of desire to prosecute this civil action.

     6.     Meritoriousness of the Claim

Finally, as to the sixth factor, I cannot determine the meritoriousness of the claims based upon my review of the pleadings.

As set forth above, the Lebanon plaintiffs have failed to appear for depositions, to appear at Court ordered conferences, or otherwise prosecute this action. A balancing of the Poulis factors weighs in favor of dismissing the amended complaint on behalf of the Lebanon plaintiffs only with prejudice. Not all of the Poulis factors need to be satisfied in order to enter a dismissal. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). Here, following the withdraw of Lebanon plaintiffs' former counsel, Mr. Anton in January 2012, the Lebanon plaintiffs failed to prosecute this action; comply with their discovery obligations; or comply with Orders of this Court. As such, discovery cannot proceed, a final pretrial conference cannot be schedule, and the pending dispositive motions cannot be adjudicated. Therefore, the sanction of dismissal is merited.

**CONCLUSION**

For the reasons set forth above, I recommend that the Amended Complaint only as to the Lebanon plaintiffs be dismissed with prejudice. (Dkt. Entry 1 Exhibit C only as to Lebanon Plaintiffs). Plaintiff Fouad Dakka may proceed with his Amended Complaint. (Dkt. Entry 1 Exhibit C). The parties have fourteen (14) days from receipt hereof to file and serve objections.

Respectfully Submitted,

*s/Madeline Cox Arleo*
MADELINE COX ARLEO
United States Magistrate Judge

Dated: November 16, 2012

Orig:   Clerk of Court
        Hon. William H. Walls
        All Parties
        File